FEBRUARY 18, 1982

*In re* APPORTIONMENT OF STATE LEGISLATURE—*1982*. (Docket No. 68777.) A second petition for submission of proposed apportionment plans for the Michigan Legislature, submitted by four members of the Commission on Legislative Apportionment, and a response thereto, submitted by the other four members of the commission, have been received and considered. No proposed apportionment plan accompanied the petition or response and none has, to date, been filed with the Court. The petition expressly states that it is believed that this Court has not "ruled that the submission of such a proposed plan is a jurisdictional requisite for the granting of preliminary relief, or for the assumption of jurisdiction by this Court".

We view our brief order in this same matter, dated February 3, 1982, as a clear statement that the submission of such a proposed plan is a prerequisite for action in this matter by this Court. Because action by this Court is again requested by all of the members of the commission and may otherwise be delayed to the detriment of all concerned, the following conditional invitation is issued.

Each party to this matter who has filed a proposed apportionment plan on or before 4 p.m., Monday, February 22, 1982, is invited to appear, by counsel or otherwise, at the Supreme Court hearing room

at 10:30 a.m., on Tuesday, February 23, 1982, to address this Court on the matters contained in the petitions and response heretofore submitted to this Court and to address the following questions:

1. If this Court acquires responsibility in the subject matter of reapportionment on the filing of one or more plans by a member or members of the commission after suitable proof that a majority of the commission cannot agree on a plan, is this Court's authority to act limited to "determining which plan complies most accurately with the constitutional requirements" and directing that such plan "be adopted by the commission and published as provided" in the constitution?

2. If this Court should vote on each of several plans submitted by members of the commission and determine that no such plan complies most accurately with the constitutional requirements, is the Court's responsibility in the subject matter exhausted thereby? If the Court's responsibility is not thereby exhausted what alternatives are open to it?

LEVIN, J., concurs in part and dissents in part and states as follows:

I join in the Court's invitation to the parties to address the Court next Tuesday on the matters described in the Court's invitation.

I would not, however, for the reasons expressed in my dissent from the order of February 3, 1982, condition the invitation upon the submission of a plan.

The Court is, by issuing an invitation, concededly taking "action" although no plan has been received; I agree, as stated on February 3, that the Court can so act although it cannot, to be sure, without the submission of plans, "determine which plan complies most accurately with the constitutional requirements". Const 1963, art 4, § 6.

One or both parties may understandably regard the conditional invitation as tantamount to an order; and, if that is the effect of the Court's invitation, then in essence it has issued an order to file a plan although it ruled on February 3 and today again rules that it cannot take "action" without a plan.

"The Court's decision in *In re Apportionment of State Legislature—1972*, 387 Mich 442, 451 (1972) that a proposed plan may be submitted to the Court although it was not submitted to or considered by the commission means that it is likely that the plan representing the 'last best offer' of each side will be submitted at the last possible moment so that it cannot be improved upon by the other side. Consequently, any plan that may be submitted to the Court before the last plan submitted by each side is likely to be at least somewhat disingenuous.

"For this and perhaps other reasons both sides agree that this Court should establish a timetable for submission of plans. There is

no reason to require the *pro forma* submission of a *pro forma* plan which will be replaced by the real plan. Both sides are understandably reluctant to put forth a disingenuous plan. The constitution does not require the performance of a meaningless act.

"For the foregoing reason, I do not think that the absence of a proposed plan is a substantial basis for declining to consider the petition. The absence of a plan does not affect this Court's 'jurisdiction' unless it so declares. It is unwise for the Court to so declare if for no other reason than that neither side may be willing to offer a *pro forma* plan and as the days, weeks and months go by it may become clear that there is an impasse and that it is essential for the Court to establish a timetable for the submission of proposed plans in order to obtain the filing of any plan. Also, circumstances may develop following some future census such that it becomes manifest that the Court should act on its own initiative. We should not preclude a future court from so acting by today adopting a limiting construction making the Court's 'jurisdiction' dependent on the filing of a proposed plan." *In re Apportionment of State Legislature—1982, ante*, 1109, Levin, J., *dissenting* (order dated February 3, 1982).